**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LOYDALE KIRVEN,

      Plaintiff,

v.                                                                    No. CIV-06-1212 JB/WDS

CURRY COUNTY DETENTION CENTER,
WARDEN JOHNSON,
CHRIS SENA, et al., in their
individual and official capacity,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), 42 U.S.C. §

1997e, and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff's civil rights

Complaint.  Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma

pauperis ("IFP").  The required filing fee for this civil rights complaint is $350.00.  Plaintiff will be

required to pay the full amount of the filing fee pursuant to § 1915(b)(1).  Based on the information

about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment

pursuant to § 1915(b)(1).  The Court will grant the IFP motion, and, for the reasons below, will

require Plaintiff to show cause why his complaint should not be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on

which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6)

for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts

alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  And according to the provisions of 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."  In reviewing Plaintiff's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his complaint, Plaintiff alleges that he was injured when Defendant Sena twice "tazed" him. He contends that Defendant's actions constituted unnecessary use of excessive force, in violation of the Eighth Amendment prohibition of cruel or unusual punishment.  The Complaint seeks injunctive relief and damages.

Plaintiff makes no allegation that he has attempted to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).  Recent Supreme Court decisions confirm that administrative remedies must be exhausted in all prisoner cases.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *Lee v. Suther*, 1 F. App'x 770, 772 (10th Cir. 2001) (requiring exhaustion of ADA claims); *Paulino v. (FNU)(LNU)*, No. 06-3285, 2006 WL 3190277, at \*2 (10th Cir. Nov. 6, 2006) (restating rule that action must be dismissed if any claims are unexhausted).  Plaintiff will be required to show cause why his complaint should not be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff is required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee.  The Clerk shall provide Plaintiff

with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary

arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that, within twenty (20) days from entry of this order, Plaintiff

shall file a response showing cause why his complaint should not be dismissed for failure to exhaust

administrative remedies.


W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE