IN THE UNITED STATES DISTRICT COURT
FOR THE THE DISTRICT OF NEW MEXICO

**LOYDALE KIRVEN,**

    **Plaintiff,**

vs.                                              No. 06 CV 1212 JB/WDS

**CURRY COUNTY DETENTION CENTER,
WARDEN JOHNSON,
CHRIS SENA, et. al., in their individual
and official capacity.**

## MAGISTRATE JUDGE'S PROPROSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment [Doc. No. 38] as well as Defendants' *Martinez* Report [Doc. No. 35].  Plaintiff Loydale Kirven is proceeding *pro se* and has brought this civil right action under 42 U.S.C. §1983.  In response to Defendants' motion, Plaintiff filed a Memorandum to Summary Judgment [Doc. No. 41].  The United States Magistrate Judge, having reviewed the pleadings and the applicable law, recommends that this matter be dismissed without prejudice for failure to exhaust administrative remedies.

PROPOSED FINDINGS

Plaintiff filed his Complaint pursuant to 42 U.S.C. §1983, seeking damages resulting from alleged mistreatment at the Curry County Detention Center ("CCDC") on or about November 5 and 8, 2006 [Doc. No. 1].  Plaintiff alleges that he was wrongfully confined in administrative segregation,

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

wrongfully placed in a restraint chair and wrongfully tazed, resulting in physical and emotional injury. *Id.* Defendants answered on April 13, 2007, asserting a general denial and various affirmative defenses, including an assertion that Plaintiff's claims are barred by the Prisoner Litigation Reform Act and "to the extent Plaintiff was required and failed to seek, follow, and exhaust administrative remedies." [Doc. No. 15].

On February 21, 2008, Defendants were ordered to submit a report pursuant to *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978) ("*Martinez* report") to address the claims raised in Plaintiff's Complaint. [Doc. No. 31]. The Order admonished Plaintiff that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*, and that the parties should submit whatever materials they consider relevant to Plaintiff's claims. *Id.* The Order further required Plaintiff to respond or object to the *Martinez* report within 20 days of service of the report. *Id.* Defendants filed a *Martinez* report on March 20, 2008. [Doc. No. 35]. To date, Plaintiff has failed to respond or object to the *Martinez* report. The Court finds that the *Martinez* report should be used in deciding whether to dismiss Plaintiff's claims for failure to exhaust administrative remedies.

Defendants filed a Motion for Summary Judgment on June 2, 2008 [Doc. No. 38]. Defendants argue that Plaintiff's claims are barred because the Plaintiff failed to exhaust his administrative remedies. *Id.* Plaintiff responded by stating that Defendants failed to "reguard [sic] all the Martinez report..." [Doc. No. 41].

This Court liberally contrues *pro se* litigants' pleadings and holds them to a less stringent standard than required of those prepared by a lawyer. *See Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the Court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *See Hall v. Bellmon,* 935

F.2d 1106, 1110 (10th Cir. 1991).

The Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a) provides in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983..., or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." Under the PLRA, all inmates must exhaust available administrative remedies, even if those remedies appear futile. *Booth v. Churner,* 532 U.S. 731, 740 (2001)(holding that exhaustion was required as long as there was authority to take some responsive action even where inmate sought money damages and the grievance process did not permit such an award). The Supreme Court has made clear that the "PLRA's exhaustion requirement applies to all inmate suits about prison life." *Porter v. Nussle,* 534 U.S. 516 (2002).

Defendants have submitted evidence that administrative remedies were available to Petitioner at CCDC. *Martinez* report, Ex. 8. [Doc. No. 35]. The CCDC Policy and Procedures provide an internal grievance mechanism for resolving inmate complaints. *Id.* Inmates are required to first attempt to resolve grievances on an informal basis with any on-duty Detention Officer. *Id.* If the matter cannot be resolved informally, the inmate must submit a written grievance within 24 hours of the incident. *Id.* If, in the opinion of the inmate, the grievance is still not resolved, he may appeal the grievance. *Id.* Although Plaintiff made various requests during his incarceration at CCDC, he did not submit a formal grievance regarding the alleged mistreatment that forms the basis for his Complaint. *Martinez* report, Ex. 4, 6 and 8. [Doc. No. 35]. Nor is there any mention of Plaintiff's alleged injuries in any of his medical records. *Martinez* report, Ex. 4. [Doc. No. 35]. Plaintiff failed to respond to the Martinez report but did file a Memorandum to Summary Judgment stating that the Defendants failed to regard neurology reports, mental health reports, second chance unit, all doctors report and physical therapy reports. [Doc. No. 41]. However, Plaintiff does not cite

with any specificity to any specific document or what information the documents allegedly contain. Nor does Plaintiff contend that he filed a formal grievance as set forth in the CCDC Policy and Procedures. The Court finds that Petitioner did not exhaust his administrative remedies with respect to the allegations made in his Complaint.

## RECOMMENDED DISPOSITION

The Court recommends that Defendant's Motion for Summary Judgment [Doc. No. 38] be granted and that Petitioner's Complaint [Doc. No. 1] be dismissed, without prejudice, for failure to exhaust administrative remedies.


                    **W. Daniel Schneider**
                    **UNITED STATES MAGISTRATE JUDGE**