IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

    Plaintiff,

v.                                                      Case No. 1:06-cv-1212 JB/WDS

CURRY COUNTY DETENTION
CENTER, WARDEN JOHNSON, CHRIS
SENA, et al., in their individual and
official capacities,

    Defendants.

# ORDER FOR *MARTINEZ* REPORT

**THIS MATTER** comes before the Court on pro se Plaintiff Loydale Kirven's "Motion to Reopen Case" [Doc. 68], filed November 29, 2011, and on Defendants' response [Doc. 70], filed December 13, 2011. The Court construes Plaintiff's request as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Court has insufficient information to evaluate the motion and therefore directs the parties to provide additional information.

Plaintiff was a *pro se* prisoner litigant incarcerated at Curry County Detention Center when he filed this civil rights case on December 13, 2006. In the Complaint he alleged that on or about November 5 and 8, 2006, Defendant corrections officer Chris Sena wrongfully tasered him while he was restrained in a chair.

The Court ordered Defendants to file a *Martinez* report. [Doc. 31.] Defendants filed the *Martinez* report on March 20, 2008 [Doc. 35], and subsequently sought summary judgment on the grounds that Plaintiff never submitted a grievance regarding the incident, and therefore had failed to exhaust his administrative remedies. [Doc. 38.] Defendants asserted: "A review of Plaintiff's inmate file reveals that Mr. Kirven has never submitted a grievance regarding this alleged issue

within 24 hours or at any other time." [Doc. 38 at 7.] Plaintiff responded to the summary judgment motion, but his response made no mention of his attempts to exhaust. [Doc. 41.] In a separate document titled "Issues for Pretrial," Plaintiff alleged that he "did in fact file a grievance to Sgt. Paul." [Doc. 42 at 2.] However, a copy of the purported grievance was never submitted while the case was pending.

Based on the record that had been provided, the Court recommended Defendants' Motion for Summary Judgment be granted and that the Complaint be dismissed without prejudice for failure to exhaust administrative remedies. [Doc. 50.] The District Judge adopted the recommendation over Plaintiff's objection and entered judgment. [Docs. 55, 56.] Plaintiff appealed. The Court of Appeals affirmed on August 4, 2009. [Doc. 66.]

Plaintiff now seeks to reopen the case more than two years later. In support of his request to reopen, he has submitted an "Inmate Request Form" that purports to be a grievance regarding the November 2006 taser incident that was the subject of his Complaint. [Doc. 68 at 3.] Defendants oppose reopening the case and argue the purported grievance does not relate to the allegations in the Complaint. [Doc. 70.]

In asserting that the grievance does not relate to the allegations in the Complaint, Defendants espouse an unconvincing position. The allegations in the grievance—that Mr. Sena tasered Kirven while he was restrained in a chair—are identical to the allegations in the Complaint. Furthermore, the grievance is dated November 2006, the same month as the incident described in the Complaint. Defendants point to the date written by the receiving officer, "1/09/2006," to support their conclusion that the request was made ten months before the incident that forms the basis of the Complaint. However, a more plausible explanation is that the receipt date, written early in the new year, is in error and Plaintiff wrote and dated the grievance some time after the taser incident occurred.

Exhaustion was the dispositive issue in this case. Given the absence of an explanation for a document that possibly relates to exhaustion, a *Martinez* report is in order to assist the Court in evaluating Plaintiff's request to re-open. Although it is unclear whether Plaintiff remains incarcerated, the Court concludes a *Martinez* report is appropriate for these circumstances. *See Ketchum v. Cruz*, 961 F.2d 916, 920 n.3 (10th Cir. 1992) (stating *Martinez* report is appropriate when pro se pleading makes it impossible to know whether plaintiff's claim has any basis in law or fact). Accordingly, Defendants shall provide a report that contains the following information:

1. Whether Defendants continue to maintain the position that the purported grievance which is the basis for Plaintiff's request to re-open this case [Doc. 68 at 3] pre-dates the November 2006 taserng incident that was subject of this lawsuit;

2. If Defendants continue to maintain the position that the purported grievance does not relate to the allegations in the Complaint, then Defendants or an authorized representative shall verify under penalty of perjury that the document pre-dates the November 2006 tasering incident;

3. If Defendants are unable to provide such a verification, then Defendants shall explain why the document was omitted from the *Martinez* report they submitted March 20, 2008 [Doc. 35];

4. How and when Plaintiff obtained a copy of the grievance, if known; and

5. Whether the purported grievance constitutes "newly discovered evidence" for purposes of Rule 60(b).

Defendants shall provide the *Martinez* report no later than **March 14, 2012.** Plaintiff shall respond to the *Martinez* report within fifteen days of service of the report. In his response, Plaintiff shall specifically address how and when he obtained a copy of the purported grievance.

The Court will evaluate the information provided to determine whether to recommend Plaintiff's motion be granted. Accordingly, the parties should confine their responses to the information requested above; they need not address the merits of the exhaustion at this time. If the motion is granted, the case will be re-opened for a fresh determination of exhaustion.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**