IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

    **Plaintiff,**

v.                                    Case No. 1:06-cv-1212 JB/WDS

CURRY COUNTY DETENTION
CENTER, WARDEN JOHNSON,
CHRIS SENA, et al., in their individual
and official capacities,

    **Defendants.**

# ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte*. The District Judge dismissed this case with prejudice on December 31, 2008, for failure to exhaust administrative remedies. [Docs. 55, 56.] The Tenth Circuit affirmed on August 28, 2009. [Doc. 66.]

Over two years later, Plaintiff moved to reopen the case on the basis of a document that was not previously part of the record. [Doc. 68.] The document purports to be a grievance Plaintiff claims he submitted for the tasing incident that was the subject of his lawsuit. [Doc. 68 at 3.] Plaintiff claims this document is grounds to re-open the case because it demonstrates—contrary to the Court's earlier finding—that he exhausted his administrative remedies.

The Court directed Defendants to file a supplemental *Martinez* report explaining why the purported grievance was not submitted with their earlier *Martinez* report, and directed Plaintiff to respond to the supplemental *Martinez* report within fifteen days of service. [Doc.

73.] Defendants filed the supplemental *Martinez* report on March 23, 2012, together with the affidavit of Keith Farkas, a Captain with the Curry County Detention Center. [Doc. 77.]

In his affidavit, Captain Farkas attests that he reviewed three inmate files concerning Plaintiff, two of which he had to retrieve from archives, but was unable to locate a copy of the purported grievance. [Doc. 77-1 ("Farkas Aff."), ¶ 4.] Captain Farkas also attempted to identify the signatures of the receiving and answering officers. Id. ¶¶ 5–7. The accepting officer appeared to be "Janelle Mullins." Id. ¶ 6. Janelle Mullins is a booking officer for the facility who was employed in June 2009, over two years after the date of the alleged tasing incident that is the subject of Plaintiff's lawsuit. Id. ¶ 7. Thus, according to Captain Farkas, "it does not appear Ms. Mullins could have signed the Inmate Request Form in 2006." Id.

Captain Farkas also researched the forms used by the Curry County Detention Center in 2006 and 2007. Farkas Aff. ¶ 8. He found that the purported grievance is on a form that did not come into use at Curry County Detention Center until the latter part of 2007. Id. The incident Plaintiff complains of occurred in 2006. Based on this and other information, Defendants question the authenticity of the purported grievance. [Doc. 77 at 6.]

The Court's Order directing Defendants to file a supplemental *Martinez* report also directed Plaintiff to respond within fifteen days and to specifically address how and when he obtained a copy of the purported grievance. [Doc. 73 at 3.] As of the date of this Order to Show Cause, Plaintiff has failed to submit a response to Defendants' supplemental *Martinez* report, or to otherwise controvert Defendants' evidence.

**Accordingly, Plaintiff is directed to show cause in writing why the Court should not find the following facts undisputed and deny his Motion to Reopen Case:**

1. The "Inmate Request Form" [Doc. 68 at 3] that Plaintiff submitted to this Court in support of his Motion to Reopen Case was not submitted to the Curry County Detention Center at any time relevant to establishing exhaustion of administrative remedies for the claim that was the subject of this lawsuit; and

2. Plaintiff did not file a timely grievance regarding the tasing incident that was the subject of this lawsuit.

**Plaintiff shall file a written response to this Order to Show Cause no later than May 11, 2012.** Failure to file a timely response may result in denial of Plaintiff's Motion to Reopen Case without further notice.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**