## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LOYDALE KIRVEN,**

     **Plaintiff,**

**v.**                                                                                       **Case No. 1:06-cv-1212 JB/WDS**

**CURRY COUNTY DETENTION
CENTER, WARDEN JOHNSON, CHRIS
SEAN, et al., in their individual and
official capacities,**

     **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

     **THIS MATTER** comes before the Court on Plaintiff's "Motion to Reopen Case" [Doc. 68], filed November 29, 2011.  The Court recommends the motion be DENIED.

### BACKGROUND

     Plaintiff Loydale Kirven is a *pro se* litigant.  He was incarcerated at the time he filed this civil rights lawsuit on December 13, 2006, but apparently has since been released.

     Plaintiff's complaint alleged he was mistreated while incarcerated at the Curry County Detention Center, specifically, that on or about November 5 and 8, 2006, Defendant corrections officer Chris Sena tasered Plaintiff while Plaintiff was restrained in a chair.  [Doc. 1.]

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

To investigate Plaintiff's claim of a civil rights violation, the Court ordered Defendants to file a *Martinez* report.  [Doc. 31.]  Defendants filed the *Martinez* report on March 20, 2008 [Doc. 35], and subsequently sought summary judgment on the grounds that Plaintiff never submitted a grievance regarding the incident, and therefore had failed to exhaust his administrative remedies. [Doc. 38.]  Defendants asserted:  "A review of Plaintiff's inmate file reveals that Mr. Kirven has never submitted a grievance regarding this alleged issue within 24 hours or at any other time."  [Id. at 7.]  Plaintiff responded to the summary judgment motion, but his response made no mention of any attempts to exhaust administrative remedies.  [Doc. 41.]  In a separate document titled "Issues for Pretrial," Plaintiff alleged that he "did in fact file a grievance to Sgt. Paul."  [Doc. 42 at 2.]  A copy of the grievance Plaintiff allegedly filed with "Sgt. Paul" has never been submitted to the Court.

Based on the record before it, which did not contain proof of exhaustion, the Court recommended Defendants' Motion for Summary Judgment be granted and that the complaint be dismissed for failure to exhaust administrative remedies.  [Doc. 50.]  Plaintiff filed objections stating that he "was not allowed a copy of the grievance."  [Doc. 51.]  The District Judge adopted the recommendation over Plaintiff's objections and entered judgment dismissing Plaintiff's case on December 31, 2008.  [Docs. 55, 56.]  Plaintiff appealed.  The Court of Appeals affirmed on August 4, 2009.  [Doc. 66.]

Plaintiff now seeks to reopen the case.  In support of his request, he has presented the Court with a new document that purports to be a grievance regarding the November 2006 taser incident. [Doc. 68 at 3 "Inmate Request Form."]  Defendants oppose reopening the case.  [Doc. 70.]

The Court directed Defendants to file a *Martinez* report to supply additional information about the Inmate Request Form, and also directed Plaintiff to respond to the *Martinez* report and to

"specifically address how and when he obtained a copy of the purported grievance." [Doc. 73.] Defendants filed their supplemental *Martinez* report on March 23, 2012. [Doc. 77.] Plaintiff failed to file a timely response and the Court therefore issued an Order to Show Cause directing Plaintiff to show cause why his Motion to Reopen should not be denied. After receiving an extension, Plaintiff responded to the Order to Show Cause on June 8, 2012. [Doc. 82.]

## LEGAL STANDARDS

The Court construes Plaintiff's "Motion to Reopen" as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) allows the Court to relieve a party from a final judgment for the following reasons:

> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)  the judgment is void;
> (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6)  any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Rule 60(b) relief is extraordinary and warranted only in exceptional circumstances. *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437 (10th Cir. 1990). The movant bears the burden of satisfying one or more of the Rule 60(b) grounds for relief. *See Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir. 1991). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1).

**DISCUSSION**

Plaintiff's motion comes more than a year after the entry of judgment.  Grounds (1), (2), and (3) are therefore unavailable; grounds (4) and (5) are not applicable.  The only remaining potential basis for granting the motion is ground (6) "any other reason that justifies relief."  Rule 60(b)(6) relief is "difficult to attain and is appropriate only when it offends justice to deny such relief." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (internal quotation marks and citations omitted).

Plaintiff's lawsuit was dismissed on the grounds that he failed to exhaust his administrative remedies by submitting a timely grievance.  More than two years after the judgment against him was affirmed, Plaintiff attempts to establish exhaustion by proffering a document that was not part of the record:  a grievance he claims he submitted regarding the taser incident.

In their supplemental *Martinez* report, Defendants put forth several facts that call into question the authenticity of Plaintiff's new document.  Defendants state that the new document is on a form that was not in use at the time Plaintiff claims he submitted it.  [Doc. 77-1 at 2–3.] Plaintiff claims to have filed the grievance shortly after the taser incident in November 2006.  However, the "Inmate Request Form" Plaintiff offers as proof of exhaustion reportedly did not come into use at Curry County Detention Center until the latter part of 2007.  [Id.]

Moreover, the only legible signature on the document appears to be "Janelle Mullins" or "Jenelle Mullins" on the "Received by" line.  [Doc. 68 at 3.]  Defendants state that a booking officer by the name of Janelle Mullins was employed at Curry County Detention Center in June 2009.  [Doc. 77-1 at 2–3.]  Thus, it does not appear that Janelle Mullins could have signed the form in 2006.

-4-

After receiving a four-week extension, Plaintiff submitted a brief response.  He states "that he did in fact file and receive a copy of his administrative remedy." [Doc. 82 at 1.]  He also states that the "time frame should be understood that he was not in the facility to obtain said document, however it was filed never the less [sic]." [Id. at 2.]

Plaintiff's inscrutable response does not state how or when he came into possession of the document.  Instead of responding to the Court's direct inquiry, Plaintiff states he never received an inmate handbook and that the administration was at fault for his inability to file a grievance within the required time.  [Doc. 82 at 2.] Even giving Plaintiff's statements a liberal construction, the Court concludes he has failed to respond in any meaningful manner to the Defendants' allegations regarding the document's authenticity or to the Court's directive to disclose the source of the document.

## CONCLUSION

Plaintiff's claim that he exhausted his administrative remedies is little more than a bald assertion supported by a document whose origin Plaintiff has failed to disclose.  He has not demonstrated any circumstances that justify relief from judgment.  Plaintiff's "Motion to Reopen Case" [Doc. 68], filed November 29, 2011, therefore should be denied.

**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**