IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

       Plaintiff,

vs.                                    No. CIV 06-1212 JB/WDS

CURRY COUNTY DETENTION
CENTER, WARDEN JOHNSON,
CRIS SENA, et al., in their individual
and official capacities,

       Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings

and Recommended Disposition, filed August 1, 2012 (Doc. 90)("PF & RD"); and (ii) Defendant

Curry County's Motion to Strike Plaintiff's Amended Complaint, filed June 24, 2012 (Doc. 88).

The parties were notified that objections to the PFRD were due within fourteen days of service and

that, if no objections were filed, no appellate review would be allowed.  The Magistrate Judge

granted Plaintiff's request for an extension and extended the date for objections to August 31, 2012

(Doc. 93).  To date, no objections have been filed.

**LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS
AND RECOMMENDATIONS**

District courts may refer dispositive motions to a magistrate judge for a recommended

disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required

proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a

claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 10 days after being served with

a copy of the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations."   Finally, when resolving objections to a magistrate

judge's proposal: "The district judge must determine de novo any part of the magistrate judge's

disposition that has been properly objected to.  The district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with

instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made. A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge.  The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1)(C)).

"'The filing of objections to a magistrate's report enables the district judge to focus attention

on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"  United States v.

One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d

1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As

the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections

advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel,

73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United

States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies

behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm

waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or

recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73

F.3d at 1059 (citations omitted).

In One Parcel, the Tenth Circuit, in accord with courts of appeals, expanded the waiver rule

to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.  The Supreme

Court of the United States -- in the course of approving the United States Court of Appeals for the

Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a
> magistrate's factual or legal conclusions, under a de novo or any other standard,
> when neither party objects to those findings.  The House and Senate Reports
> accompanying the 1976 amendments do not expressly consider what sort of review
> the district court should perform when no party objects to the magistrate's report.
> See S.Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report); H.R.Rep. No.
> 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter
> House Report).  There is nothing in those Reports, however, that demonstrates an
> intent to require the district court to give any more consideration to the magistrate's
> report than the court considers appropriate.  Moreover, the Subcommittee that
> drafted and held hearings on the 1976 amendments had before it the guidelines of the
> Administrative Office of the United States Courts concerning the efficient use of
> magistrates.  Those guidelines recommended to the district courts that "[w]here a
> magistrate makes a finding or ruling on a motion or an issue, his determination
> should become that of the district court, unless specific objection is filed within a
> reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S. 1283
> before the Subcommittee on Improvements in Judicial Machinery of the Senate
> Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added)
> (hereinafter Senate Hearings).  The Committee also heard Judge Metzner of the
> Southern District of New York, the chairman of a Judicial Conference Committee
> on the administration of the magistrate system, testify that he personally followed
> that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and
> decide it.  If no objections come in, I merely sign the magistrate's order.").  The
> Judicial Conference of the United States, which supported the de novo standard of
> review eventually incorporated in § 636(b)(1)(C)), opined that in most instances no
> party would object to the magistrate's recommendation, and the litigation would
> terminate with the judge's adoption of the magistrate's report.  See Senate Hearings,
> at 35, 37.  Congress apparently assumed, therefore, that any party who was
> dissatisfied for any reason with the magistrate's report would file objections, and
> those objections would trigger district court review.  There is no indication that
> Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review

a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 151-52 (footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de-novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated

that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).

## ANALYSIS

The Court has carefully reviewed: (i) the Plaintiff's Motion to Reopen Case, filed November 23, 2011 (Doc. 68); (ii) Defendant's Response to Plaintiff's Motion to Reopen Case, filed December 13, 2011 (Doc. 70); (iii) Defendant's Supplemental Martinez Report, filed March 23, 2012 (Doc. 77); and (iv) Plaintiff's response to the Magistrate Judge's Order to Show Cause, filed June 8, 2012 (Doc. 82). The Honorable W. Daniel Schneider, United States Magistrate Judge, construed Plaintiff's Motion to Reopen as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Judge Schneider concludes that Plaintiff Loydale Kirven has failed to demonstrate any circumstances that justify the extraordinary relief he requests and recommends that the Court deny Kirven's motion. The Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts the Magistrate Judge's Proposed Findings and Recommendation.

The Court denies Defendant Curry County's Motion to Strike Plaintiff's Amended Complaint. There are no grounds to strike the amended complaint from the record; however, the amended complaint is of no effect. Kirven filed his Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on June 15, 2012 (Doc. 84), without obtaining the Court's leave, see Fed. R. Civ. P. 15(a), after judgment was entered against him, and after the United States Court of Appeals for the Tenth Circuit affirmed the judgment.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 1, 2012 (Doc. 90), are adopted by the Court; (ii) the Plaintiff's Motion to

Reopen Case, filed November 23, 2011 (Doc. 68), is denied; (iii) Defendant Curry County's Motion

to Strike Plaintiff's Amended Complaint, filed June 24, 2012 (Doc. 88), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Loydale Kirven
Clovis, New Mexico

      *Plaintiff pro se*

Jonlyn M. Martinez
Law Firm of Jonlyn M. Martinez
Albuquerque, New Mexico

      *Attorney for Defendants*