# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

       Plaintiff,

vs.                                                        No. CIV 06-1212 JB/WDS

CURRY COUNTY DETENTION
CENTER, WARDEN JOHNSON,
CRIS SENA, et al., in their individual
and official capacities,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Leave to Filed Amened [sic] Civil Rights Complaint, filed December 28, 2012 (Doc. 98)("Motion to Amend"). In the Judgment, filed December 31, 2008 (Doc. 56), the Court dismissed Plaintiff Loydale Kirven's Complaint, filed December 11, 2006 (Doc. 1), and this action.   On November 23, 2011, Kirven filed a Motion to Reopen Case.   <u>See</u> Doc. 68.   The Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 1, 2012 (Doc. 90)("PFRD"), recommended construing the motion to reopen as a motion under rule 60(b) of the Federal Rules of Civil Procedure.   In the Court's Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 26, 2012 (Doc. 94)("MOO"), the Court adopted the PFRD and denied the Motion to Reopen Case.   <u>See</u> MOO at 1.   Kirven now seeks with his Motion to Amend the Court's leave to file an amended complaint in this closed case.

As the United States Court of Appeals for the Tenth Circuit has stated on more than one occasion, "[o]nce judgment is entered, the filing of an amended complaint is not permissible until

judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."   Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985)(per curiam)(quoted in Seymour v. Thornton, 79 F.3d 980, 987 (10th Cir. 1996)).   Because Kirven may not file an amended complaint unless the dismissal order is set aside, the Court liberally construes his Motion to Amend as a motion for relief from judgment under rule 60(b) of the Federal Rules of Civil Procedure.   Cf. Burns v. C.I.A., No. 93-5153, 1994 WL 36770, at *1 (10th Cir. Feb. 8, 1994)(unpublished)(construing motion to reopen under rule 60(b)).[1]   See also Roman-Nose v. N.M. Dep't of Human Servs., 967 F.2d 435, 436-37 (10th Cir. 1992)(noting that a plaintiff's pro se characterization of claims is not dispositive).

On the other hand, because Kirven has previously filed a rule 60(b) motion -- which the Court denied -- he is not entitled to relief on the instant motion.   "A party should not be allowed to force a District Court to consider for a third time arguments previously made."   Jetero Const. Co., Inc. v. S. Memphis Lumber Co., Inc., 531 F.2d 1348, 1352 (6th Cir. 1976)(vacating an amended judgment entered after a second rule 59 motion).   The Court will therefore deny Kirven's motion.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Filed Amened [sic] Civil Rights Complaint, filed December 28, 2012 (Doc. 98), alternatively construed herein as a second motion for relief under rule 60(b) of the Federal Rules of Civil Procedure, is denied.

---

[1] Burns v. C.I.A., is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . .   However, if an unpublished opinion . . .   has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision."   United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court finds that Burns v. C.I.A. has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Loydale Kirven
Central New Mexico Correctional Facility
Las Lunas, New Mexico

  *Plaintiff pro se*

Jonlyn M. Martinez
Law Firm of Jonlyn M. Martinez
Albuquerque, New Mexico

  *Attorney for Defendants*

- 3 -